# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**SHAWANA ANDERSON**     **PLAINTIFF**

**v.**     **Case No. 3:15-CV-00054-M-A**

**SAFEWAY INSURANCE COMPANY;**     **DEFENDANT**
**BETTIE BARNES**

## ORDER

This matter comes before the court on plaintiff Shawana Anderson's motion to remand. For the following reasons, the court GRANTS the motion in part and DENIES the motion in part.

Anderson commenced this suit in the Circuit Court of Panola County, alleging negligence against defendant Bettie Barnes, and breach of an uninsured motorist contract and bad faith against defendant Safeway Insurance Co. ("Safeway"). These claims arise out of an automobile accident which occurred in Panola County, Mississippi, on August 27, 2014. Anderson alleges that Barnes's vehicle collided with the rear driver's side of Anderson's car. As a result of the accident, Anderson claims she suffered damages including serious bodily injuries, loss of enjoyment of life, pain and suffering, past and future medical expenses, and property damages to her automobile. Additionally, Anderson asserts that Barnes was operating an uninsured motor vehicle. Consequently, Anderson sought reimbursement through her uninsured motor vehicle coverage. In response, Safeway refused to discount Anderson's medical bills from the accident or make any payment for bills related to the accident. As a result of these events, Anderson seeks

1

$25,000 in compensatory damages, and an unspecified amount of punitive damages from Safeway. Anderson and Barnes are residents of Panola County, Mississippi; and Safeway, for purposes of diversity, claims its residence in Illinois.

Safeway removed the suit to this court pursuant to 28 U.S.C. § 1441. Safeway argues that this court has federal diversity jurisdiction under 28 U.S.C. § 1332(a) because Anderson is seeking $25,000 in compensatory damages and an unspecified amount of punitive damages. Further, Safeway contends that the parties have complete diversity as required under § 1332(a) because Barnes has been fraudulently misjoined into the dispute. In response, Anderson moved to remand all claims to state court, arguing that the claims satisfy the joinder requirements of Rule 20 under the Mississippi Rules of Civil Procedure because they arise out of the same transaction or occurrence.

Both parties agree that the claims meet the amount in controversy requirement under 28 U.S.C. § 1332(a). Further, the Fifth Circuit has previously held that demands for an unspecified amount of punitive damages are sufficient to meet the jurisdictional requirement pursuant to Mississippi law. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, the court finds that the amount in controversy requirement has been met. The court now turns to Safeway's argument that the parties have been fraudulently misjoined.

## Standard for Remand

Federal courts have original jurisdiction over cases when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a different state. 28 U.S.C § 1332(a). "Any action filed in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such an action is pending. 28 U."S.C § 1441(a).

After removal, a plaintiff may move to remand the case, and "if it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing party bears the burden of establishing federal jurisdiction. *Brasell v. Unumprovident Corp.*, No. 2:01-CV-02, 2001 WL 1530342 (N.D. Miss. 2001). Removal statutes are to be construed against removal and for remand. *Eastus v. Blue Bell Creameries L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). Any doubts regarding whether removal is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

**Fraudulent or Improper Misjoinder**

In cases arising under 28 U.S.C. § 1332(a), the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The court should not grant federal diversity jurisdiction if parties are fraudulently misjoined. *See In Re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002). Failure to meet the requirements of Rule 20 of the Federal Rules of Civil Procedure will result in "joinder being improper even if there is no fraud in the pleadings and the plaintiff does not have the ability to recover against each of the defendants." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). This court has consistently upheld the concept of fraudulent misjoinder. *Walker v. Scales*, No. 1:13-CV-0227, 2014 WL 670216 (N.D. Miss. 2014); *Cartwright v. State Farm Mut. Auto. Ins. Co.*, No. 4:14-CV-00057, 2014 WL 695045 (N.D. Miss. 2014).

"For this court to accept jurisdiction despite the misjoinder of a non-diverse defendant, the misjoinder must be egregious or grossly improper." *Cooper v. AIG Claim Services*, No. 1:08-

CV-168, 2009 WL 279101 at *2 (N.D. Miss. 2009). In a case removed to federal court, questions of fraudulent misjoinder are determined by the state's joinder rules. *Id.* The court should then determine whether there is a reasonable possibility that the state court would find that the plaintiff has stated a viable cause of action against the defendant. *Palermo v. Letourneau Technologies, Inc.,* 542 F. Supp.2d 499 (S.D. Miss. 2008). "To determine if a party has been fraudulently misjoined, the court applies Rule 20 of the Mississippi Rules of Civil Procedure." *Tri-Miss. Servs., Inc. v. Fairley*, No. 2:12-CV-152, 2012 WL 5611058 (N.D. Miss. 2012). Rule 20 of the Mississippi Rules of Civil Procedure states:

> All persons may join in one action as plaintiffs if they assert a right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any questions of law or fact common to these persons will arise in the action.

Miss. R. Civ. P. 20(a).

Plaintiff Anderson claims that joinder is proper pursuant to this court's previous interpretations of Rule 20 under the Mississippi Rules of Civil Procedure. In support of this argument, Anderson refers to *Mohamed v. Mitchell*, No. 4:05-CV-0096, 2006 WL 212218 (N.D. Miss. 2006), where the court held that "separate claims against a negligent tortfeasor and the injured party's insurer relating to the same automobile accident arise out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* The *Mohamed* court relied on a Mississippi Supreme Court case, *Mercer v. Moody*, 918 So.2d 664 (2005), involving a plaintiff seeking joinder for declaratory judgment against an insurer. The court finds *Mercer* inapplicable to the case at hand, and instead looks to a more recent Mississippi Supreme Court case. In *Hegwood v. Williamson*, the court held that before an alleged transaction or occurrence will be sufficient to meet Rule 20(a)'s two factors, there must be a "distinct litigable event linking the parties." 949 So.2d 728, 730 (Miss. 2007). When determining if a distinct litigable event exists,

4

the court should consider "whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant." *Id.* Furthermore, that court found that third party tort claims and first party breach of contract and bad faith claims involve distinct litigable events with different factual issues and legal issues. *Id.* at 731. While Anderson attempts to distinguish *Hegwood* from the case *sub judice*, the court has found such differences "immaterial to its joinder analysis." *Walker v. Scales*, No. 1:13-CV-00227, 2014 WL 670216 (N.D. Miss. 2014); *Cartwright v. State Farm Mut. Auto. Ins. Co.*, No. 4:14-CV-00057, 2014 WL 695045 (N.D. Miss. 2014).

Anderson also argues that joinder of the two defendants would not violate Rule 411 of the Mississippi Rules of Evidence, which states that, "[e]vidence that a person was or was not insured against liability is not admissible upon the issue of whether he acted negligently or otherwise wrongfully." Miss. R. Evid. 411. The court in *Hegwood* held that a driver defending against negligence claims would be prejudiced by the jury's knowledge of his or her coverage or lack thereof when determining the issue of liability. *Hegwood*, 949 So.2d at 731. Similarly, joining defendant Barnes with Safeway would provide the jury with clear evidence that Barnes did not have insurance at the time of the accident. After considering the applicable law, it is clear that the Mississippi courts would find Barnes has been fraudulently misjoined.

The court now looks to Rule 21 of the Federal Rules of Civil Procedure for guidance on "curing misjoinder of parties." *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983). Rule 21 allows a district court to "at any time, on just terms, add or drop and party," and "also sever any claim against a party." Fed. R. Civ. P. 21. Severance creates "two separate actions or suits where previously there was but one." *O'Neil*, 709 F.2d at 369. In the instant case, the court would not have federal diversity jurisdiction over an independent claim involving Anderson and

Barnes. Therefore, the court must grant Anderson's motion in part, and remand the claims against Barnes to state court. However, the court denies the motion to remand in regards to the claims against Safeway, as the parties are completely diverse, and the claims meet the amount in controversy requirement.

**Conclusion**

For the foregoing reasons, the court finds that Anderson's claims against Barnes were fraudulently misjoined, and should be severed from claims against Safeway. Therefore, the court GRANTS Anderson's motion to remand claims [4] against Barnes to the court in Panola County, Mississippi; and DENIES Anderson's motion to remand claims [4] against Safeway.

SO ORDERED, this the 8th day of June, 2015.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**